UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 04-10047 |
| | ) | |
| KEVIN H. HULL, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS OR STRIKE SURPLUSAGE FROM THE INDICTMENT**
**(Incorporating Memorandum of Law)**

Now comes the Defendant, KEVIN H. HULL, by his attorney, and pursuant to Rule 7(c)(1) and (d), moves this Court for the entry of an Order dismissing the indictment or, in the alternative, striking as surplusage from the indictment any and all immaterial, irrelevant or prejudicial allegations which do not constitute elements of the offenses charged and appear to be based upon aggravating facts which, if proven, might support upward adjustment under the United States Sentencing Guidelines, including paragraph 1 of the indictment and the document entitled "special findings" and in support thereof, states as follows:

1. Mr. Hull is charged with enticement, in Counts 1 and 2 of the indictment, under 18 U.S.C. § 2422(b); distribution of child pornography, in Count 3, and receipt of child pornography in, Count 4, under 18 U.S.C. § 2252A(a)(2)(A) and possession of child pornography, in Count 5, under 18 U.S.C. § 2252A(a)(5)(B).

2. The elements necessary for the government to prove the charge of enticement are contained within the text of 18 U.S.C. § 2422(b) stating in pertinent part:

> Whoever, using the mail or any facility or means of interstate or
> foreign commerce...knowing persuades, induces, entices, or

coerces any individual who has not attained the age of 18 years, to
engage in prostitution, or any sexual activity for which any person
can be charged with a criminal offense, or attempts to do so...

3. The elements necessary for the government to prove the charge of distribution or receipt of child pornography are stated in the text of 18 U.S.C. § 2252A(a)(2)(A):

(a) Any person who–
  (2) knowingly receives or distributes–
    (A) any child pornography that has been mailed, or
    shipped or transported in interstate or foreign
    commerce by any means, including by computer; or

4. The elements necessary for the government to prove the charge of possession of child pornography are stated in the text of 18 U.S.C. § 2252A(a)(5)(B):

(a) Any person who–
  (5) either–
    (B) knowingly possesses any book, magazine,
    periodical, film, videotape, computer disk, or any
    other material that contains an image of child
    pornography that has been mailed, or shipped or
    transported in interstate or foreign commerce by any
    means, including by computer, or that was produced
    using materials that have been mailed, or shipped or
    transported in interstate or foreign commerce by any
    means, including by computer; or

5. Paragraph 1 of the indictment contains allegations not constituting elements of the offenses with which Mr. Hull has been charged and appears to be based upon aggravating facts which, if proven, might support upward adjustment under the United States Sentencing Guidelines.

7. Similarly, the document entitled "special findings" contains allegations which do not constitute elements of the offenses with which Mr. Hull has been charged and appear also to be based upon aggravating facts which, if proven, might support upward adjustment under the

United States Sentencing Guidelines.

LEGAL ARGUMENT:

The purpose of an indictment is to inform the accused "of the nature and the cause of the accusation" against him and to assure the accused is protected from being subject to the same offense and "be twice put in jeopardy of life or limb." *U.S. Constitution. Amendments. V, VI*. This is accomplished by the concise recitation of the elements of a charged offense created by the United States Congress. As Fed. R. Crim. P. 7(c)(1) states in pertinent part: "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged..."

The Federal Rules of Criminal Procedure set forth a remedy for indictments, such as the indictment at bar, that contain prejudicial surplusage in that "Upon the defendant's motion, the court may strike surplusage from the indictment or information" Fed. R. Crim. P. 7(d) (2004); see Fed. R. Crim. P. 7 advisory committee notes: "This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." The content of the superfluous statements, listed above, leaved no doubt as to their inflamatory and prejudicial nature.

Only Congress has the authority to criminalize conduct. Statements that are the subject of this motion are not statutory offenses with a basis in the United States Code, they may not be treated as elements of an infamous crime under the Fifth Amendment. As state in *Staples v. United States*, 511 U.S. 600, 604, 128 L.Ed. 2d 608, 114 S. Ct. 1793 (1994) "The definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes, which are solely creatures of statute." The surplus statements at issue do not constitute a

capital or otherwise infamous crime and therefore are not properly made part of an indictment.

The Fifth Amendment states in pertinent part that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment of indictment to a Grand Jury...nor shall any person...be deprived of life, liberty, or property, without due process of law..." *U.S. Const. Amend. V*. Further, Fed. R. Crim P. 7 advisory committee notes define infamous crime by stating: "Any offense punishable by imprisonment for a term of over one year is an infamous crime." Inclusion of inflamatory, prejudicial and confusing surplusage in the indictment serves to confuse the jury as to the elements of the crimes charged and deprives Mr. Hull of his substantive and procedural due process rights under U.S. Const. amend. V. Thus, inclusion of aggravating factors are not only surplusage under Federal Rule of Criminal Procedure 7(d) but also violate Mr. Hull's rights under the United States Constitution.

Additionally, the statements at issue are not properly "offenses against the laws of the United States" under 18 U.S.C. § 3231 and therefore this Court lacks subject matter jurisdiction over the matters asserted in paragraphs 1.c,d,e and f of the indictment and "special findings" paragraphs 1, 2 and 3. Sentencing factors are based in sentencing guidelines with the power to do nothing more "than fetter the discretion of sentencing judges to do what they have done for generations – impose sentences within the broad limits established by Congress." *Mistretta v. United States*, 488 U.S. 361, 396-97, 102 L. Ed 2d 714, 109 S. Ct. 647 (1989). As Judge Robert W. Pratt notes in striking surplusage based upon sentencing guideline enhancements for drug quantity:

> Short of an Act of Congress that establishes a particular drug amount, or for that matter, any of the aggravating factors, as a necessary element of an offense under United States law, this Court will only allow the jury to consider indictment allegations of drug amounts consistent with findings required to apply federal statutory penalties. *United States v. Mutchler*, 2004 U.S. Dist. LEXIS 18053

(September 9, 2004)

The statements at issue do not constitute harmless surplusage. Paragraphs 1.c,d,e and f of the indictment and "special findings" paragraphs 1, 2 and 3 allege and invite the jury to consider a long narrative of highly prejudicial and confusing allegations involving the statutory basis of some counts but not others and contain allegations that could so prejudice, confuse and mislead a jury that the Defendant's rights under the Confrontation Clause of the 6th Amendment are violated. The surplusage obscures the "nature and cause of the accusation" by adding additional accusations and findings never designated by Congress as elements of the crimes charged. The District Court for the Southern District of Iowa correctly and concisely stated: "Factors in the indictment should only be included if they are actual crimes as defined by Congress."*United States v. Mutchler*, 2004 U.S. Dist. LEXIS 18053 (September 9, 2004)

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order dismissing the indictment or, in the alternative, striking as surplusage from the indictment any and all immaterial, irrelevant or prejudicial allegations which do not constitute elements of the offenses charged and appear to be based upon aggravating facts which, if proven, might support upward adjustment under the United States Sentencing Guidelines, including paragraph 1 of the indictment and the document entitled "special findings".

KEVIN H. HULL, Defendant

s/ Karl W. Bryning
Ill. Bar Number: 6220739
Attorney for Defendant
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
FAX: 309/671-7898

Email: karl_bryning@fd.org

CERTIFICATE OF SERVICE

      I hereby certify that on November 1, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Mr. Thomas Keith, Assistant United States Attorney, One Technology Plaza, 211 Fulton Street, Suite 400, Peoria, Illinois 61602.

      S/ Karl W. Bryning
      Ill. Bar Number: 6220739
      Attorney for Defendant
      Assistant Federal Public Defender
      401 Main Street, Suite 1500
      Peoria, Illinois 61602
      Phone: 309/671-7891
      FAX: 309/671-7898
      Email: karl_bryning@fd.org