FILED 10-17-05

OCT 24 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

E-FILED
Tuesday, 25 October, 2005 02:38:48 PM
Clerk, U.S. District Court, ILCD

Judge Joe Billy McDade
U.S. District Court
Central Division of Illinois
100 N.E. Monroe St.
Peoria, IL 61602

Judge McDade                              04-10047

My name is Kevin H. Hull, and I appeared before your court some four to five months ago. I am about to file a 2255 and I thought that I should try to enlist your help in whatever way possible.

Perhaps as a person who has always been on the right side of the law, you have never had to experience what I have gone through. But I have lost everything, including the ones that I love, along with property and family. All of this gives you an added incentive to think, and obviously I have had a lot of time to do that.

At numerous times in my case, I wanted to come to you and express my concerns about how things were being handled by my attorneys, but I thought that you might think me ignorant of procedure. Perhaps too it was fear or shame that hindered me. Standing before you completely vulnerable, this was the most terrifying thing that I have had to do in my life.

You asked me at the pretrial if I was happy with the performance of my attorney and at that particular time, in truth, I was. However, from the beginning, I actually had a very hard time with my attorney and I felt that he was rude, intimidating and prejudiced towards me. He was verbally abusive both to me and to my family. Most importantly, he pressured me into the plea agreement by telling me that I could spend the rest of my life in prison and more than likely would never see daylight again, unless I agreed to the plea. My intention was not to plead guilty to the enticement charge, but counsel said I had no defense. I did then and I do now believe that I have enough evidence to provide an adequate defense to that charge.

When I advised my counsel of that evidence, he would not pursue it. He advised me to plead guilty at the pretrial. I spoke to one of the attorneys that sat in on my indictment hearing regarding Mr Brynings' behavior. He did not feel that Mr. Brynings was acting properly also. I assume that Mr. Alverado (that was his name) spoke to Mr. Brynings because thereafter his attiude changed somewhat, but he advised me also not to change counsel since that might slow down the proceeding and also might not help the outcome.

That is the only reason, Your Honor, that I didn't complain to you on this matter that day. I also thought that he was trying to get an agreement worked out for me as well. He never let on that I didn't have the right to change counsel again and he became hard to deal with after the pretrial was over. He stated that I could not change my plea or counsel after that time as well.

I stayed with him until the end.  I was told that I had the best
chance if I just waited and that the sentence would not be that
bad.  I was shocked when you passed sentence on me, and having
been misled by counsel, I was nearly speechless.  Perhaps you
recall that I could hardly address the Court when you asked me
how I pleaded to Count I of the indictment.  I hesitated to
answer and turned away to face the back of the room.  I was in
tears, Your Honor, because I was pleading guilty to something
I knew full well I was innocent of.

Finally, the PSI had errors in it that Brynings would not argue to,
because he said that they were not severe enough to deal with.
He intimated that the Probation Department would take a negative
view of things, if we argued these points, and it might even lead
to an upward departure at sentencing.  I had evidence that would
have shown you and the Court that I was a better person than the
PSI showed.  I had a professional evaluation done in a previous
case.  I was involved in a custody case with D.C.F.S and won
the case and was awarded custody of the children as well.  This case
was in a court in Peoria County and was heard before Judge Collier.
I also had proof in the case before you that would show that I
actually argued with the officer I was to meet in this case as to
the age of the person on the phone.  I had several conversations
with a female officer via phone and I was sure that the voice
was not that of a child.

Your Honor, for some of us, it is expremely difficult to talk
in public.  I am one of those people.  I am sorry that I did not
come forward with all of this before, and that I waited this long.
But now I am seeking collateral action by filing a 2255.  Mr. Brynings
forced me to withdraw my appeal, stating that he would file
without me.  I signed papers under duress but stated that I would
take collateral action at a later date.

I would appreciate it if you could give a recommendation to the
Court that this filing will ultimately reach, or give me any other
solutions to this matter that you can think of.  I wanted you to
know that Mr. Brynings' actions were very negative at best and his
performance was not good.

In order that you may know that my actions are not frivolous,
I think that you will appreciate the following points of law that
I intend to make also.  Given that the U.S. Sentencing Guidelines
have been declared unconstitutional, and given that only these
Sentencing Guidelines allow an adult officer to pose as a minor
(2G1.1 and 2A3.2), and given that several courts have held that
an adult law enforcement officer cannot constitutionally pose
as a minor (Burgess 175 F. 3d 1261), all of the evidence in this
case becomes flawed.  Also, any evidence from my computers become
in the light of these cases, fruit of the poisoned tree.

I will include my case number so that you can look at it. I am not an attorney nor am I trying to be one. I just know that I have had a lot of time to reflect on what went on in that courtroom, and I have decided finally that it is time for me to take action, however belated it may be. I ask Your Honor to review the case and help me in whatever manner you think appropriate.

Respectfully,


Kevin H. Hull
13328-026  Unit GB
FMC Devens
P.O. Box 879
Ayer, MA 01432


Case Nbr. 04 CR 10047